UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KERMIT OVERHOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-116 |
| | ) | (JORDAN/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition by the District Court of plaintiff Kermit Overholt's motion for an award of attorneys' fees in the amount of $3,820.50 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). [Doc. 18].

On October 26, 2006, United States District Judge Leon Jordan entered an order granting the parties' joint motion to remand pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 16].

Four conditions must be met before an attorney is entitled to EAJA attorneys' fees:

 1. The plaintiff must be a prevailing party;

 2. The government's position must be without substantial justification;

> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney's fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1). The plaintiff obtained a "sentence four" remand in this case which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The proper "substantial justification" standard in EAJA cases is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). The Commissioner does not oppose the plaintiff's motion for EAJA attorneys' fees, thereby conceding that the position of the government in this matter was not substantially justified. [Doc. 19]. Furthermore, I am not aware of, and have not been cited to, any "special circumstances" that would otherwise make an award of attorneys' fees unjust, and plaintiff's petition has been timely filed.

Plaintiff seeks a total fee amount of $3,820.50 [Doc. 18],[1] and the Commissioner in her response stated that she does not oppose the plaintiff's motion for attorneys' fees and costs for that amount. [Doc. 19].

---

[1] The Court would like to note that the plaintiff's attorney's affidavit appears to contain a minor discrepancy. Although the motion is for payment of attorney's fees in the amount of $3,820.50 (based on 28.30 hours at $135 per hour), her itemized affidavit actually shows that she worked 28.50 hours, which equates to $3,847.50. As plaintiff has moved for $3,820.50, plaintiff's motion will be granted for the amount requested in the motion.

Based upon the foregoing, it is hereby **RECOMMENDED** that plaintiff's motion for attorneys' fees and costs [Doc. 18] in the amount of $3,820.50 be **GRANTED**.[2]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).